**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CIVIL ACTION NO. 07-421-JBC**

**AMANDA S. CALDWELL,**                                                                **PLAINTIFF,**

**V.**                                    **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE,**
**SOCIAL SECURITY ADMINISTRATION,**                                    **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (DE 11, 12). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *See id.*  Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II.    The ALJ's Determination

At the time of the alleged disability onset date, the plaintiff was a twenty-five-year-old female with some post-secondary education.  She alleges disability

beginning on November 29, 2004, due to multiple impairments.  The plaintiff filed her claim for DIB and SSI on December 27, 2004.  AR 16.  The claim was denied initially on February 9, 2005, and again upon reconsideration on March 29, 2005. *Id.*  After a hearing on July 21, 2006, Administrative Law Judge ("ALJ") Frank Letchworth determined that the plaintiff did not suffer from a disability as defined by the Social Security Act.  AR 16, 27.  On November 19, 2007, the Appeals Council denied a request for review.

 At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the date of the alleged onset of disability.  AR 26.  At Step 2, the ALJ found that the plaintiff's impairments, considered in combination, are severe.  AR 27.  The ALJ then, at Step 3, determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments.  AR 27.

 To assess the plaintiff's claim at steps 4 and 5, the ALJ found that plaintiff had a residual functional capacity ("RFC") to perform light work that requires no climbing of ladders, ropes, or scaffolds; no more than occasional crawling, overhead reaching with the left upper extremity or climbing of ramps and stairs; and no concentrated exposure to vibration.   AR 27.  The ALJ further found that the plaintiff has a limited but satisfactory ability to relate to coworkers, interact with supervisors, maintain attention and concentration; perform complex job instructions; and behave in an emotionally stable manner.  *Id.*  He also determined that she is restricted to work activity requiring no more than seriously limited, but

3

not precluded, ability to deal with work stresses; demonstrate reliability; relate
predictably in social situations, and deal with the public.  *Id.*

At Step 4, the ALJ found the plaintiff unable to perform past relevant work.
AR 27.  Finally, at Step 5 the ALJ determined that, due to the plaintiff's age,
education, work experience, and residual functional capacity ("RFC"), jobs exist in
significant numbers in the national economy that the plaintiff can perform, and
therefore, the plaintiff is not disabled within the meaning of the Social Security Act.
AR 27.  The ALJ made this determination with the help of a Vocational Expert (VE).
*See* AR 26.  Based on the hypothetical question posed by the ALJ and crafted by
him to reflect the plaintiff's age, work experience, education, and his assessment of
the plaintiff's RFC, the VE testified as to the types and number of jobs in the
economy that the plaintiff is capable of performing.  *See* AR 26.

The ALJ denied the plaintiff's claim for DIB and SSI (AR 13), and the plaintiff
appealed to the Appeals Council (AR 12).  The plaintiff submitted to the Appeals
Council a report by the plaintiff's treating physician that was made after the ALJ's
hearing, on August 21, 2006.  *See* AR 8.  The Appeals Council denied her request
for review, even after considering that report, and the plaintiff commenced this
action.  AR 6, DE 1.

### III.    Legal Analysis

The plaintiff maintains that the ALJ's finding that she is not disabled as
defined by the Social Security Act is not supported by substantial evidence.

4

The plaintiff presents no argument, however, that the ALJ applied any improper legal standard or in any way neglected to consider evidence before him.[1]

The plaintiff is primarily concerned that the ALJ did not consider the most recent RFC report prepared by Dr. Jeffrey France, the plaintiff's treating physician.[2] *See* AR 272-75. This report is dated August 21, 2006, approximately a month after the hearing and ten days after the ALJ issued his opinion.

The plaintiff essentially makes two arguments, both of which flow from the existence of the August 21, 2006, report.  First, the plaintiff contends that the Appeals Council improperly denied the plaintiff's appeal.  Second, the plaintiff argues that the hypothetical question presented by the ALJ to the Vocational Expert (VE) is inaccurate because it did not reflect the impairments noted by Dr.

---

[1]And, from the court's review, guided by no specific argument made by the plaintiff, it seems that the ALJ thoroughly and properly considered the plaintiff's medical reports and testimony at the hearing.

[2]The only medical record that the plaintiff cites is Dr. Jeffrey France's report from August 21, 2006, aside from a passing reference to all of his reports to support her statement that he was her treating physician who had seen her multiple times.  DE 11, p. 4.  Although the plaintiff correctly points out that a treating physician's opinion is entitled to deference, *see* 20 C.F.R. §404.1527, the plaintiff presents no argument that the ALJ did not give proper weight to Dr. France's medical opinions, at least to those that were available to him.  The record contains other medical records that are dated after the date of the ALJ's decision.  *See* AR 276-94; 337-40.  Apparently, the plaintiff added multiple documents to her record after the ALJ's decision.  *See* Order of Appeals Council, AR 11.  The plaintiff does not mention these other records in her motion, however, so the court will not consider them.

France in his August 21, 2006, report.[3]

**A.      Appeals Council Decision Not Final Decision**

The Appeals Council's decision not to review the ALJ's decision is not the

agency's final decision.  *See* AR 7-10.  Rather, when the Appeals Council declines

to review a case, the ALJ's decision becomes the agency's final decision, and it is

that decision that is reviewed by this court.  *See* 20 C.F.R. §§ 404.967, *et seq.*;

*see also Cline v. Sec'y of Health and Human Servs.*, 875 F.Supp. 435, 438 n.2

(N.D. Ohio 1995) (explaining the difference between "procedural decisions made by

the Appeals Council and decisions [that] it makes on the merits").

The Appeals Council considered Dr. France's August 21, 2006, report but

nevertheless determined that the ALJ's decision did not call for its review.  AR 8.

That the Appeals Council considered new evidence does not convert its procedural

decision not to review the ALJ's decision into a final decision on the merits.  *See*

*Cline*, 875 F.Supp. at 439; 20 C.F.R. §404.970 (b).[4]  Therefore, the decision

---

[3]The plaintiff also declares that "[i]n this plaintiff's case, a mechanical
application of the medical vocational guidelines is inappropriate," citing *Abbott v.
Sullivan*, 905 F.2d 918 (6th Cir. 1990), in support.  The plaintiff offers no further
elaboration of this point, and the court cannot discern what argument, if any, the
plaintiff intended by this bare, unsupported, statement.

[4]20 C.F.R. §404.970 (b) provides:
If new and material evidence is submitted, the Appeals Council shall consider
the additional evidence only where it relates to the period on or before the
date of the administrative law judge hearing decision. The Appeals Council
shall evaluate the entire record including the new and material evidence
submitted if it relates to the period on or before the date of the
administrative law judge hearing decision. It will then review the case if it
finds that the administrative law judge's action, findings, or conclusion is

6

before this court for review is the ALJ's decision.

**B.     Sentence Four Remand Not Appropriate; Sentence Six Remand Not Warranted**

Second, the plaintiff argues that the hypothetical question posed to the VE did not accurately portray her impairments due to its failure to reflect the findings in Dr. France's 2006 report.  The August 21, 2006, report was not presented to the ALJ at any point, however, and he did not have its contents to draw from in constructing the hypothetical question.

The plaintiff's motion for summary judgment requests that the "case . . . be remanded for an award of benefits."  DE, p. 5.  The plaintiff does not specify whether she seeks a remand pursuant to Sentence Four or Sentence Six of 42 U.S.C. § 405(g).  Sentence Four provides that "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  *See* 42 U.S.C. § 405(g).  When the plaintiff presents it with new evidence that was not considered by the ALJ, the reviewing court may remand the case for further proceedings pursuant to Sentence Six of 42 U.S.C.§ 405(g).  According to Sentence Six, the court may remand a case to the Commissioner for further proceedings if the plaintiff has new evidence that is material and shows good cause for why it was not included in the record

contrary to the weight of the evidence currently of record.

before the ALJ.  *See Hollon v. Comm'r of Social Sec.*, 447 F.3d 477, 483 (6th Cir. 1994).

The plaintiff's motion cites only to Dr. France's August 21, 2006, report, which was added to the record after the ALJ issued his decision.  This court cannot consider evidence that was not before the ALJ. *See Cline v. Sec'y of Health and Human Servs.*, 875 F.Supp. at 439 (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993) (quoting *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992)).  The court cannot grant the plaintiff any relief pursuant to Sentence Four based on materials added to the record after the ALJ's decision. *See Street v. Comm'r of Social Sec.*, 390 F.Supp.2d 630, 639-40 (E.D. Mich. 2005).  To the extent that the plaintiff has suggested, by not arguing for remand pursuant to Sentence Six, that the court consider the report even though it was not a part of the record before the ALJ, this argument fails.

As the plaintiff's argument is based on her underlying contention that the August 21, 2006, report is relevant and would have changed the outcome of the ALJ's decision, the court will construe the plaintiff's argument as an argument that the matter should be remanded pursuant to Sentence Six, due to new and material evidence.[5]

---

[5]The court may *sua sponte* remand a plaintiff's case pursuant to Sentence Six.  *See generally Street*, 390 F.Supp.2d 630 (remanding case to Commissioner for consideration of new and material evidence, despite plaintiff's failure to request a Sentence Six remand, where evidence did not exist at the time of the ALJ's determination).

8

The plaintiff does not explain why this report was not included in the record before the ALJ.  If plaintiff or plaintiff's counsel knew that such a report was forthcoming, the plaintiff could have requested that the record be left open.  The ALJ asked plaintiff's counsel if he expected to submit any additional documents for the record, and plaintiff's counsel stated that he did not.  *See* AR 344.  Counsel's failure to seek to have the record remain open to submit evidence has been described by the Sixth Circuit as a fact that "in and of itself shows a lack of good cause." *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) (citation omitted).  The report at issue is Dr. France's opinion as to the plaintiff's RFC.  It is not new medical records, or results of medical tests, or other documentation of an unanticipated development in the plaintiff's medical condition.  The court finds there is no good reason shown for the plaintiff's failure to include the report, and remand therefore is not warranted.

Even if the plaintiff had presented to the court a good reason for the lack of the report's inclusion in the record, while the evidence is "new," it is not "material."  "[E]vidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon v. Comm'r of Social Sec.*, 447 F.3d 477, 484 -85 (6th Cir. 2006) (quoting *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)).  This evidence is a report dated after the hearing and after the ALJ issued his opinion.  It appears to meet the definition of new evidence.

9

"Material evidence is evidence that would likely change the Commissioner's decision." *Bass*, 499 F.3d at 513 (citing *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)).  The plaintiff argues that the hypothetical question posed to the VE was not accurate because it did not include the impairments reported by Dr. France in the August 21, 2006.  "A hypothetical question must reflect an individual's limitations." *Street v. Comm'r of Social Sec.*, 390, F.Supp.2d 630, 637-38 (E.D. Mich. 2005) (citing *Webb v. Comm'r of Social Sec.*, 368 F.Supp. 629 (6th Cir. 2004)).  The inclusion of the new report is not likely to alter the framing of the hypothetical question or the Commissioner's ultimate decision.

The August 21, 2006, report is almost identical to a report prepared by Dr. France on April 14, 2005.[6]  The main difference is the doctor's opinion as to the plaintiff's long-term prognosis.  On April 14, 2005, he declared that the plaintiff's prognosis was "fair to good."  AR 173.  In response to the question, "Is medical

_____

[6]The court notes these differences: (1) In response to the question of how many pounds the plaintiff can lift occasionally, on August 21, 2006, Dr. France checked "10 pounds." AR 272.  On April 14, 2005, he checked "less than 10 pounds" and wrote in "less than 5 lbs/ rarely."  AR 170;  (2) In response to the question of how many pounds the plaintiff can lift frequently, on August 21, 2006, Dr. France checked "less than10 pounds." AR 272. On April 14, 2005, he checked "less than 10 pounds" and wrote in "less than 5 lbs rarely." AR 170. (3) In response to the question, "Is SITTING affected by the impairment?", on August 21, 2006, he checked "must periodically alternate sitting and standing to relieve pain or discomfort." AR 273.  On April 14, 2005, Dr. France checked "less than about 6 hours in an 8-hour workday. AR 171; (4) On August 21,2006, Dr. France indicated that the plaintiff was "unlimited" in her ability to withstand fumes, odors, chemicals, or gases in her work environment (AR 274); on April 14, 2005, he checked "limited."  AR 172.

10

improvement expected and if so when?" he wrote: "Yes.  It will be at least 9-12 months until she is at maximum medical improvement."  *Id.*  In contrast, on August 21, 2006, in response to the same questions he wrote that plaintiff's injuries were "[p]ermanent.  Patients [sic] injuries sustained in Nov. 04 have left patient with injuries that <u>no</u> surgery, therapy, shot, or medication will fix" and replied "no" in response to the question of whether medical improvement was expected.  That the plaintiff's physical condition is unlikely to improve does not change what abilities the ALJ assessed her to have.  Furthermore, the ALJ declined to give much weight to Dr. France's April 2005 report because it was "negated by his subsequent treatment notes showing improvement in the claimant's left shoulder strength and significant improvement in her hematoma and radial nerve palsy."  AR 25.  The plaintiff has pointed to no medical evidence (new tests, etc.) supporting Dr. France's August 2006 report; it therefore is likely that the ALJ would give it little weight.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 12) is **GRANTED**.

11

Signed on  January 6, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY